IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RONNIE D. DOWNING,            )
                              )
    Plaintiff,               )
                              )
vs.                           )   Case No. 4:10-cv-00584-TLW
                              )
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
Defendant.                    )

## OPINION AND ORDER

Plaintiff Ronnie D. Downing seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 8). Any appeal will be directly to the Tenth Circuit Court of Appeals.

## Social Security Law and Standard of Review

Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or can be expected to last for a continuous period of no less than 12 months." 20 C.F.R. § 416.905(a), and 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of impairment and the severity of the impairment during the time of his alleged disability. 20 C.F.R. § 416.912(b). A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and

laboratory findings, not only by (an individual's) statement of symptoms." 20 C.F.R. § 416.908. The evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. § 416.913(a). A five step sequential process has been implemented by Social Security Regulations to evaluate a disability claim. 20 C.F.R. § 416.920(a).[1]

The role of the Court in reviewing a decision of the Commissioner is only to determine whether substantial evidence supports the decision and whether the applicable legal standards were applied correctly. See Briggs ex. rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Casias v. Secretary of Health & Human Service, 933 F.2d 799, 800 (10th Cir. 1991).

**Procedural History**

Plaintiff protectively filed his application for SSI on May 8, 2008, alleging disability beginning on June 1, 2005. Plaintiff's application was initially denied on June 30, 2008 and again upon reconsideration on October 13, 2008. A hearing before Administrative Law Judge Charles Headrick was held on November 13, 2009. On December 10, 2009, the ALJ entered his

---

[1] The five step sequence provides that the claimant (1) is not gainfully employed, (2) has a severe impairment, (3) has an impairment which meets or equals an impairment presumed by the Secretary to preclude substantial gainful activity, listed in Appendix 1 to the Social Security Regulations, (4) has an impairment which prevents them from engaging in their past employment, and (5) has an impairment which prevents them from engaging in any other work, considering their age, education, and work experience. Ringer v. Sullivan, 962 F.2d 17 (10th Cir. 1992) (unpublished) (citing Williams v. Bowen, 844 F.2d at 750-52).

decision. The appeals council denied request for review, and the decision of the appeals council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 416.1481.

## Issues on Appeal

Plaintiff asserts that the ALJ erred by:

1. By failing to propound a proper hypothetical to the vocational expert at step 5 of the sequential evaluation process;
2. By failing to properly consider and evaluate the medical source evidence; and
3. By failing to perform a proper credibility determination.

## Decision

**Step 5 Analysis**

Plaintiff objects to the following hypothetical propounded by the ALJ to the vocational expert:

> 38 years of age, with a GED, the ability to read, write and use numbers. Assume further the individual, in general, has the physical capacity to perform work consistent with limitations of Exhibit 11F. (T 43).

(Dkt. #16 at 1). Exhibit 11F contains the following limitations: occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for about 6 hours in an 8 hour workday, sit for about 6 hours in an 8 hour workday, push and/or pull unlimited, other than as shown for lift and/or carry. (R. 228). Exhibit 11F also contains the following "Postural Limitations": climbing ramp/stairs and/or ladder/ropes/scaffolds frequently, balancing frequently, stooping occasionally, kneeling frequently, crouching frequently, and crawling frequently. (R. 229). Plaintiff specifically faults the ALJ for not including in his hypothetical any "specific, stated limitations for physical demands of sitting, standing, walking lifting, carrying, pushing, or postural functions of stooping, crouching, reaching and handling, as

3

required." Id. at 2 (citing Alexander v. Barnhart, 74 Fed.Appx. 23, 28 (10th Cir. 2003); Jesse v. Barnhart, 323 F.Supp.2d 1100, 1110 n. 49 (D.Kan. 2004); 20 C.F.R. § 416.945(b); SSR 96-8p). Because Exhibit 11F contains each and every one of the limitations identified by plaintiff, the issue is whether or not the ALJ was required to actually speak each limitation to the VE or whether or not the ALJ could refer to another document that specifically identifies each limitation.

Plaintiff's position is without merit. In Alexander, the Tenth Circuit found error in the ALJ's bare conclusion that the claimant's "impairments limit her to light level work," 74 Fed. Appx. at 28, without separately considering the ". . . seven strength demands: i.e., sitting, standing, walking, lifting, carrying, pushing, and pulling." Id. (citing SSR 96-8P). In Jesse, the district court found that "[t]he ALJ did not properly consider plaintiff's abilities in a function-by-function analysis before stating the exertional level at which he believed plaintiff could perform." 323 F.Supp.2d at 1009. The district court summarized its findings as follows:

> The ALJ did specifically note that plaintiff had two nonexertional limitations: not being able to tolerate extremes of cold and vibration. The ALJ also adopted the opinion of treating physician Dr. Chan, that plaintiff was limited to carrying no more than 20 pounds. The ALJ noted, before finding plaintiff's complaints not fully credible, that plaintiff stated she could not lift over 20 pounds, and that she could sit for two hours and walk one mile. The ALJ accepted Dr. Yost's opinion that plaintiff would not be able to do manual labor; and he accepted the State agency non-examining physician's RFC assessment that plaintiff was limited to light work activity and lifting no more than 20 pounds.
>
> [T]he ALJ never made a specific finding, pursuant to SSR 96–8p, regarding plaintiff's ability to stand, carry, push or pull. And it is unclear what his determination was of plaintiff's ability to sit throughout an 8–hour day. The ALJ did not list any evidence regarding plaintiff's ability to sit or stand, other than plaintiff's incredibility and the physicians' opinions. Dr. Chan did not state what functional abilities plaintiff was capable of performing when he determined that she could do light work. Likewise, Dr. Yost did not state what abilities he was restricting when he determined plaintiff should not do manual labor. And the ALJ merely mentioned that the State agency physician's RFC assessment agreed with Dr. Chan. The ALJ made no finding as to plaintiff's capability for the prolonged

sitting or standing required for the light work of her previous position as a truck driver.

Id. at 1110. Jesse, at a minimum, implies that incorporating by reference is proper, so long as doing so results in a finding for each required function. Id. Here, unlike in Alexander or Jesse, the ALJ specifically incorporated each of the function-by-function findings as stated in Exhibit 11F. This very procedure has been previously approved by this Court:

> Plaintiff's objection is not supported by the administrative record and the magistrate judge properly found that the ALJ's hypothetical question to the vocation expert did include all relevant work restrictions. The ALJ determined that plaintiff could not perform work that required "understanding, remembering, and carrying out detailed job instructions." In his hypothetical question, the ALJ asked the vocational expert to assume that the hypothetical claimant had all limitations suggested by exhibits 18F, 19F, and 20F. Exhibit 18F is a mental RFC assessment of plaintiff and it specifically states that plaintiff is limited in her "ability to carry out detailed instructions." Thus, the ALJ's hypothetical question to the vocational expert did include a limitation on the hypothetical claimant's ability to carry out detailed instructions, and the Court will not reject the magistrate judge's recommendation on this issue.

Shaw v. Astrue, 2011 WL 65874 *6 (citations omitted, emphasis supplied).

Next, plaintiff argues that the ALJ's hypothetical was improper because it did not include plaintiff's non-severe impairments of depression, headaches, and intertrigo candidiasis of the feet. (Dkt. # 16 at 4) (citing Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995) and Salazar v. Barnhart, 468 F.3d 615, 621 (10th Cir. 2006)). In Evans, the Tenth Circuit remanded an otherwise meritless appeal, because the record "developed thus far cannot support a finding that plaintiff's hands are fully functional-although it remains for the administrative tribunal, rather than this appellate court, to determine the factual extent of the impairment. Consequently, the ALJ's failure to include in his hypothetical inquiry to the vocational expert any limitation in this regard violated the established rule that such inquiries must include all (and only) those impairments borne out by the evidentiary record." 555 F.3d at 532. The Commissioner does not dispute the legal authority cited by plaintiff, but argues that the non-severe limitations noted by

5

plaintiff are not "borne out by the evidentiary record." (Dkt. # 18 at 10). If the Commissioner is correct, then plaintiff's argument fails.

In step two of his analysis, the ALJ found that plaintiff's "history of depression, headaches and intrigo candidiasis of the feet are non-severe. … Medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than minimal effect on an individual's ability to work." (R. 12). There is no objective medical evidence in the record of headaches. There are two references in the record, one on 11/12/08 and the other on 2/9/09 to "chronic intertrigus candidiasis with superimpose infection." (R. 235, 239). The 2/9/09 treatment notes state that plaintiff "wants to follow up with foot problems for which he was previously seen. He took all the antibiotics and the redness cleared up, but the area between the second and third toes of his left foot still have not cleared up and are very sore." (R. 238). Plaintiff was prescribed medication after this examination and "instructed to follow up if the area still did not clear up." (R. 240). His hearing before the ALJ was nine months later and there is no indication in the record that he sought further treatment for his foot. Thus, this non-severe limitation is not borne out by the evidentiary record.

The record reveals the following medical evidence regarding plaintiff's depression:

1. Plaintiff's own statements during the hearing that he is always depressed due to his back problem and that he had been diagnosed with major depression eighteen years earlier. (R. 36).

2. A notation of depression and migraine headaches by Dr. Hicks, plaintiff's treating orthopedic surgeon. (R. 175).

3. A July 15, 2008, Mental Status Examination (MSE) performed by Michael D. Morgan, Psy.D. Dr. Morgan noted that plaintiff's mood was mildly depressed and that he met the criteria for an adjustment disorder with depressed mood. He found that plaintiff's condition was a result of his back pain. Dr. Morgan specifically noted that plaintiff does not meet the criteria for major depressive disorder. (R. 193-97).

4. A July 30, 2008, Psychiatric Review Technique (PRT) performed by Cynthia Kampschaefer, Pys.D. Dr. Kampschaefer noted the presence of mild affective disorder resulting in mild restrictions of activities of daily living, mild restrictions on the ability to maintain social functioning, and mild restrictions on concentration, persistence, and pace, with no episodes of decompensation. (R. 203-15).

5. An October 9, 2008 Case Analysis prepared by Burnard Pearce, PhD. that affirms the July 30, 2008, PRT by reference. (R. 217-25).

The foregoing establishes that plaintiff has the non-severe impairment of mild depression, but it does not establish that this impairment has any impact on his ability to work. The record reflects a statement by plaintiff that he had received mental health treatment dating back to 1991 but that he was receiving no current mental health treatment at the time of his MSE in 2008. The only notation regarding depression from a treating physician is from plaintiff's orthopedic surgeon. Moreover, plaintiff does not point to any evidence whatsoever that his "mild depression" impacts his ability to work and his counsel made no such argument at the hearing before the ALJ. In fact, when provided with the opportunity to ask the Vocational Expert a question, immediately after the hypothetical that plaintiff claims was improper, plaintiff's counsel declined. (R. 45). Put simply, there is no evidence that plaintiff's mild depression imposes any "limiting effects" on his ability to work. See Stokes v. Astrue, 274 Fed.Appx. 675, 679 (10th Cir. 2008). Thus, the ALJ did not err in his hypothetical.

**Medical Source Evidence**

Plaintiff argues that the ALJ failed to properly consider and evaluate a June 8, 2005 worker's compensation examination by Dr. Richard Hastings. This argument is without merit. The ALJ thoroughly reviewed Dr. Hastings' findings and advised that he was giving those findings "only some weight," because they were specific findings related to plaintiff's ability to perform "work existing with a particular employer." (R. 15). The ALJ then analyzed the findings of Dr. David Hicks, plaintiff's treating physician. Dr. Hastings, although treating

7

plaintiff in the context of his worker's compensation claim, made two general findings: (1) that plaintiff had no pattern of motor, reflex, or sensory loss in either lower extremity, and (2) that plaintiff could safely work on a permanent basis with a "no lifting or carrying more than 25 pounds" restriction. (R. 16). The ALJ explained that he accorded Dr. Hicks' opinion great weight, because of his status as plaintiff's treating physician.[2] Id. Plaintiff complains that the ALJ was "picking and choosing" evidence that supported his finding. To the contrary, it is plaintiff that is picking and choosing the evidence that supports his position and is ignoring the well-reasoned analysis of the ALJ. The Court rejects this argument.

**Credibility**

An ALJ's credibility findings warrant particular deference because the ALJ is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002). Such findings are not to be upset if supported by substantial evidence. Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir.1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Hacket v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005) (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir.1988).

In assessing the credibility of plaintiff's pain testimony, various factors are relevant, including:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the

---

[2] Plaintiff also asserts that the ALJ did not comply with Goatcher v. U.S. Dept. of Health & Human Services, 52 F.3d 288 (10th Cir. 1995). In short, Goatcher requires thorough consideration of a treating physician's opinion before rejecting that opinion. Here, the ALJ accepted the opinion of plaintiff's treating physician. Goatcher is not, therefore, of any help to plaintiff.

nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Branum v. Barnhart, 385 F.3d 1268, 1273-74 (10th Cir.2004) (quoting Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir.1991)). The ALJ noted plaintiff's failure to seek medical relief despite plaintiff's testimony that he lives in constant pain and "that he received services at the Indian clinic in the past." (R. 15). The ALJ also noted that the only medication taken by plaintiff for his pain is Advil. Finally, the ALJ cited plaintiff's four prior felony convictions as impeaching his credibility. The Court, based on the foregoing, cannot conclude that the ALJ committed error when he found that plaintiff lacked credibility. Rather, the ALJ's decision to discredit plaintiff's pain testimony is supported by substantial evidence.

## Conclusion

For the above stated reasons, this Court AFFIRMS the Commissioner's denial of Title XVI benefits.

SO ORDERED this 9th day of November, 2011.

T. Lane Wilson
United States Magistrate Judge